IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YANG BIN, | : | CIVIL NO. 3:CV-14-0300 |
| | : | |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| ATTORNEY GENERAL ERIC | : | |
| HOLDER, *et al.*, | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM

Yang Bin ("Bin"), presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE"), incarcerated at the York County Prison, York, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, on February 19, 2014, challenging the lawfulness of his continued detention. (Doc. 1). Preliminary review of the petition has been undertaken and, for the reasons set forth below, the petition will be dismissed without prejudice. See R. GOVERNING § 2254 CASES.[1]

I. **Background**

Bin, a native and citizen of China, illegally entered the United States at New York, New York, on June 6, 1993. (Doc. 1, at ¶¶ 12-13.) He was ordered removed by an

---

[1]Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (See R. GOVERNING § 2254 CASES R.1(b), making rules applicable to § 2241 petitions at the discretion of the court). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Immigration Judge on September 29, 1993. (Doc. 1, at ¶ 14.) On or about July 16, 2003, following service of a term of 262 months imprisonment for Murder in the First Degree in Aid of Racketeering imposed by the United States District Court for the Eastern District of New York, he was taken into ICE custody. (Id. at ¶ 15; Bin v. Holder, Civil No. 3:CV-14-104, 2014 WL 345238 (M.D.Pa., January 29, 2014).) He indicates his removal order became final on that same date. (Id. at ¶ 16.)

Bin's first petition for writ of habeas corpus was filed in this Court on January 21, 2014. See Bin v. Holder, 2014 WL 345238, at *2. The undersigned directed ICE to treat the petition as a request for release under 8 C.F.R. §§ 241.4, and dismissed the petition without prejudice. In this, his second petition, he indicates that ICE denied his request for release on January 28, 2014. (Doc. 1, ¶ 18.) He states that "[t]here is no significant likelihood that [his] removal will occur in the reasonably foreseeable future" because the "Chinese embassy is not agreeing to assist in obtaining any travel documents." (Id. at ¶¶ 20, 24, 26.) Further, he alleges that following his official interview with the consulate, he was advised that "no Consulate was prepared to issue a travel document." (Doc. 1, ¶ 20.) He files the instant petition requesting review of the lawfulness of his continued detention. (Doc. 1, at 1.)

II. **Discussion**

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement, as is the case here. Preiser v. Rodriguez, 411 U.S. 475, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). Clearly, a habeas corpus petition is the appropriate vehicle to obtain the relief Bin seeks.

2

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under § 1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) provides the following:

> The removal period begins to run on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. §1231. At the conclusion of the ninety-day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) & ( 6). In Zadvydas v. Davis, 533 U.S. 678, 689 (2001), the Supreme Court concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Id. at 699. "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention."[2] Id. at 701.

---

[2]Following Zadvydas, regulations were promulgated to meet the criteria established by the Supreme Court. See 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. §

Bin states that he was taken into ICE custody pursuant to a final order of removal on July 16, 2013. Therefore, the six-month presumptively reasonable period of post-removal-period detention expired on or about January 16, 2014. However, the <u>Zadvydas</u> Court emphasized that "[t]his 6–month presumption [ ] does not mean that every alien not removed must be released after six months." <u>Zadvydas</u>, 533 U.S. at 701. Rather, the Supreme Court explained that, to state a claim for habeas relief under § 2241, an alien must provide in the petition good reason to believe that his or her removal is not foreseeable. <u>Id.</u> If at the conclusion of the six-month period the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." <u>Id.</u>, at 701. In the absence of factual allegations supporting the conclusion that removal is not reasonably foreseeable, ICE does not have to respond by showing that removal is reasonably foreseeable. <u>Id.</u> ; <u>see</u> <u>also</u> <u>Barenboy v. Attorney General of U.S.</u>, 160 F. App'x 258, 261 n. 2 (3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Only then does the burden shift to the Government, which must respond

---

241.4(k)(1)(I). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(d)(1). Bin's custody was reviewed by HQPDU on January 28, 2014. (Doc. 1, at 4.)

with evidence sufficient to rebut that showing") (citation and internal quotation marks omitted).

Bin states that the "Chinese embassy is not agreeing to assist in obtaining any travel documents" and alleges that he was advised that following his interview that "no Consulate was prepared to issue a travel document." Such conclusory statements are not evidence of a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Bin "has made no showing whatever that there is 'no significant likelihood of removal in the reasonably foreseeable future,' " Encarnacion–Mendez v. Attorney General of U.S., 176 F. App'x 251, 254 (3d Cir. 2006), and he has not otherwise shown that his detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see, e.g., Joseph v. United States, 127 F. App'x 79, 81 (3d Cir. 2005) (finding that "[u]nder Zadvydas, a petitioner must provide 'good reason' to believe there is no likelihood of removal, 533 U.S. at 701, and Alva has failed to make that showing here."); Soberanes v. Comfort, 388 F.3d 1305 (10th Cir.2004) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6) where petitioner failed to provide good reason to believe that there is no likelihood of removal); Akinwale v. Ashcraft, 287 F.3d 1050, 1052 (11th Cir. 2002) (concluding that "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future"). Because, at this time, continued detention remains reasonable, it is constitutionally permissible. The petition is therefore

subject to dismissal. The dismissal is without prejudice to the filing of a new § 2241 petition (in a new case), in the event that Bin can provide evidence of good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.

### III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be dismissed without prejudice.

An appropriate Order follows.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

Dated:  April 2, 2014